**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 15 2014, 10:18 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JAMES E. MANLEY**
Bunker Hill, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES E. MANLEY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1402-MI-65 |
| | ) | |
| MONROE COUNTY PROSECUTOR, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable E. Michael Hoff, Judge
Cause No. 53C01-1306-MI-1212

**July 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SULLIVAN, Senior Judge**

James E. Manley appeals from the trial court's order dismissing his "Complaint for Declaratory and Injunctive Relief/Challenge to the Constitutionality of Indiana Statute" filed against the "Monroe County Prosecutor," contending that the trial court violated judicial canons by asserting an affirmative defense on behalf of the Monroe County Prosecutor, and challenging the constitutionality of Indiana Code section 35-42-4-3 and its application to him. Consistent with our standard of review, however, we affirm the trial court.

Manley, who is incarcerated as a result of his conviction of two counts of Class A felony child molesting and two counts of Class B felony child molesting, filed his complaint against the Monroe County Prosecutor on June 28, 2013, but no responsive pleading and no discovery responses were filed. On October 24, 2013, Manley filed a motion for default judgment, which the trial court denied. Manley filed a motion to correct error, which was also denied by the trial court. Manley now appeals.

As we stated in Green v. Karol, 344 N.E.2d 106, 110 (Ind. Ct. App. 1976), "Trial Rule 55(A) provides the basis for holding a party in default. If a party is in default, or can be defaulted, then Trial Rule 55(B) provides the procedure for obtaining a default judgment." Further, Trial Rule 55(E) provides that a judgment by default may be entered against a governmental organization. Pertinent to this appeal, Trial Rule 83(3) defines a governmental organization to include "the state, or a department, agency, corporation, office or branch thereof; a county, township, municipality or local governmental unit, or a department, agency, corporation, office or branch thereof; or any governmental representative named as such; or any governmental unit."

Here, the Monroe County Prosecutor did not file a responsive pleading to Manley's complaint. Therefore, the Monroe County Prosecutor was technically subject to default upon application to the trial court. "However, a default judgment is not generally favored, and any doubt of its propriety must be resolved in favor of the defaulted party." Green, 344 N.E.2d at 111. Additionally, when there is a technical default, the nondefaulting party is not entitled to a default judgment as a matter of right. Id. at 110. The trial court has the sound discretion to determine whether entry of a default judgment is appropriate, and that discretion is considerable. Id. "An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court." Washington v. State, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003).

Although we do not have the complaint before us, we do have the benefit of the trial court's order and Manley's brief. Both suggest that the nature of Manley's complaint was a collateral challenge of his conviction and sentence. The trial court correctly determined that Manley's complaint was not a direct appeal of his conviction or sentence. Therefore, the appropriate method by which Manley might pursue a collateral attack of his conviction and sentence would be through post-conviction procedures. Wrinkles v. State, 749 N.E.2d 1179, 1187 (Ind. 2001) (post-conviction procedures "create a narrow remedy for subsequent collateral challenges to convictions which must be based on grounds enumerated in the post-conviction rules.").

Accordingly, we conclude that the trial court was not in violation of judicial canons by exercising its considerable discretion in determining whether a default judgment was warranted here. Further, the record before us supports the trial court's use of discretion to

3

deny Manley's request for a default judgment against the Monroe County Prosecutor. The trial court did not err by dismissing Manley's complaint without prejudice in order to allow him to pursue the possibility of seeking post-conviction relief, the appropriate avenue for bringing such claims.

## CONCLUSION

In light of the foregoing, we affirm the trial court's decision.

CRONE, J., and PYLE, J., concur.